UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
GUSTAVIA HOME, LLC,  Civil Action No.: 16-cv-02823 (BMC)

                                 Plaintiff,

      against-

ROBERT R. RUTTY; and JOHN DOE "1" through "12",
said persons or parties having or claimed to have a right,
title or interest in the Mortgaged premises herein, their
respective names are presently unknown to the Plaintiff,

                                 Defendants.
---------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**THE MARGOLIN & WEINREB LAW GROUP, LLP**
165 Eileen Way, Suite 101
Syosset, New York 11791
516.921.3838
Attorneys for Plaintiff Gustavia Home, LLC

1

**PRELIMINARY STATEMENT**

The basis of this lawsuit is to foreclose on a residential mortgage that is in default and has been duly accelerated. Defendant Robert R. Rutty ("Defendant" or "Rutty") is the owner and mortgagor of the real property located at 217-03 137th Road, Springfield Gardens, New York 11413 in Queens County, New York (the "Property"). On or about September 29, 2006, Defendant executed and delivered to Mortgage Electronic Registration Systems Inc., as nominee for People's Choice Home Loan Inc. a promissory note in the original principal amount of $134,000.00 and interest (the "Note"). [1]

As security for the payment of the Note, Defendant duly executed and delivered a mortgage ("Mortgage") on the Property.[2] The Note and Mortgage were subsequently transferred to Gustavia Home, LLC ("Plaintiff" or "Gustavia") prior to the commencement of this action.[3] On or about January 1, 2011, Defendant defaulted under the terms of the Note and Mortgage by failing to tender the monthly installment payment due that day, and by failing to make all subsequent monthly payments thereafter. Despite opportunities to cure and being provided with notices of default,[4] Defendant failed to cure the default. On June 2, 2016, Plaintiff commenced this civil action against Defendant by filing a verified complaint (the "Complaint").

Defendant was served with Plaintiff's summons and Complaint and on or about July 29, 2016, Defendant filed a motion to dismiss the complaint. In his motion, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1), (6), and because, Defendant claims, Plaintiff lacks standing.

---

[1] See Complaint at ¶17 [ECF Docket No. 1] (Hereinafter cited as "Compl. at ¶__." See also Exhibit B to the Complaint.

[2] See Exhibit C to the Complaint.

[3] See Exhibit D to the Complaint.

[4] See Exhibit E to the Complaint.

Notably, Defendant does not dispute his obligations under the Note and Mortgage nor his default thereunder. For the following reasons, Defendant's motion to dismiss should be denied.

Point I

**NO GROUNDS EXIST TO
DISMISS THE COMPLAINT
<u>UNDER RULE 12(b)(6)</u>**

Defendant's argument under Fed. R. Civ. P. 12(b)(6) to dismiss the case must be denied. Fed. R. Civ. P. 12(b)(6) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may asset the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

Gustavia can satisfy its *prima facie* case because it submitted the Mortgage, the Note, and evidence of default. *See Valley Natl. Bank v. Deustch*, 88 Ad3d 691, 930 NYS2d 77 (2d Dept. 2011). By its submissions in the Complaint, Plaintiff has established its prima facie case. *See* CPLR §3212; RPAPL §1321; *Wachovia Bank, N.A. v. Carcano*, 106 AD3d 724, 965 NYS2d 516 (2d Dept. 2013); *U.S. Bank, N.A. v. Denaro*, 98 AD3d 964, 950 NYS2d 581 (2d Dept. 2012). Furthermore, Gustavia has submitted proof of compliance with the notice requirements of New York Real Property Actions and Proceedings Law §§ 1303 and 1304. *See Castle Peak 2012-1 Trust v. Choudhury*, 2012 NY Misc LEXIS 5510, 2013 WL 229919, 2013 NY Slip Op 32971 [U] (Sup. Ct., Queens County 2013); *M&T Bank v. Romero*, 40 Misc3d 1201 [A], 977 NYS2d 667 (Sup Ct., Suffolk County 2013). Under these circumstances, Gustavia has demonstrated its prima facie burden as to the merits of this foreclosure action.

As shown in Exhibits B and C attached to the Complaint, Rutty signed the note and mortgage and as set forth in the Complaint, Rutty has failed to pay the installments due under the note and mortgage since January 2011. Rutty has failed to deny this allegation. Rutty's failure to

3

deny this allegation shifts the burden to him to furnish documentary evidence establishing that he has made payments under the note and mortgage. *See First Nationwide, FSB v. Goodman*, 272 A.D. 2d 433, 707 NYS 2d 669 (2d Dept. 2000). Since Gustavia has alleged in the Complaint that there has been a default, and it has provided a copy of the Note and Mortgage signed by Rutty, it has established its *prima facie* case that withstands a motion to dismiss under Rule 12(b)(6).

Point II

**NO GROUNDS EXIST TO
DISMISS THE COMPLAINT
UNDER RULE 12(b)(1)**

Defendant also seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction because, according to Defendant, Gustavia has failed to adequately plead diversity of the parties. Defendant's allegations regarding subject matter jurisdiction must also be overruled.

Fed. R. Civ. P. 12(b)(1) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (1) lack of subject-matter jurisdiction."

Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Village Assoc. Ltd. Partnership*, 213 F.3d 48, 51 (2d Cr. 2000); *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998)(diversity must be "complete, i.e. [diversity jurisdiction exists] only if there is no plaintiff and no defendant who are citizens of the same State.")

Here, Gustavia sets forth at paragraphs 2 and 3 of the Complaint that Gustavia is a limited liability company with a single member. For purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership. *Handelsman v. Bedford Village Associates, LP*, 213 F.3d 48 (2d Cir. 2000) *citing Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th. Cir. 1998).

4

Moreover, at paragraph 4 of its Complaint, Gustavia states that its "single member is an individual who is a citizen of the United States who is domiciled in Florida."

To be a citizen of a state within the meaning of 28 U.S.C. §1332, a natural person must be both a citizen of the United States, *see* Sun *Printing & Publishing Association v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 698, 48 L.Ed. 1027 (1904); U.S.Const. Amend. XIV, § 1, and a domiciliary of that State. *See Williamson v. Osenton*, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758 (1914); *Stine v. Moore*, 5 Cir., 1954, 213 F.2d 446, 448. For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient. *See Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893); *Stine v. Moore*, 5 Cir., 1954, 213 F.2d 446, 448. A person's domicile is the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . ." *Stine v. Moore*, 5 Cir., 1954, 213 F.2d 446, 448. Gustavia goes further to allege in the Complaint at paragraph 5 that the only adverse party is Defendant who is a citizen of the United States who is a resident of New York State.

As stated in the Declaration in Opposition to Motion to Dismiss, according to Plaintiff's Operating Agreement, Gustavia's sole member, is Jared Dotoli. He is a citizen of Florida.[5]

Accordingly, as set forth in the Complaint, Gustavia alleged that the two adverse parties are completely diverse because they are residents of different states and thus has properly alleged subject matter jurisdiction. Nothing contained in Defendant's unsworn motion challenges the allegations contained in the Complaint.

---

[5]  See Declaration in Opposition at Exhibit A and B.

5

Point III

**GUSTAVIA POSSESSED THE NOTE
WHEN IT FILED THE COMPLAINT
AND THEREFORE HAD STANDING**

Finally, Defendant claims that there are fatal issues regarding the assignments of mortgage and therefore Gustavia lacks standing. Possession of the promissory note at the time the action was instituted is the primary issue, not the assignments of mortgage. See *Bank of NY v. Silverberg*, 86 AD3d 274; *MERS v Coakley*, 41 AD3d 674.

In this case, Gustavia had possession of the Note as of the commencement of the case.[6] Gustavia was the lawful holder of the promissory note as of the filing of the Complaint.[7] Accordingly, Gustavia had standing to bring the action. Indeed, at paragraph 16 of the Complaint, Gustavia alleged that "[p]laintiff is in physical possession and is the owner and holder of the Note and Mortgage." [Compl. at ¶16]. Since the Court must accept as true all of the allegations contained in a complaint, Gustavia states a claim for relief that is plausible on its face that it has standing to pursue this foreclosure action because it had possession of the Note as of the commencement of this action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). *See also* Declaration in Opposition at Exhibit C.

Moreover, further support for Gustavia's standing to commence the action may be found on the face of the Mortgage instrument itself. Pursuant to the clear and unequivocal terms of the Mortgage, executed by Defendant, Rutty expressly agreed without qualification that MERS (and any successor or assign) had the right to foreclose upon the Property in the event of a default. (*See*

---

[6]   See Declaration in Opposition to Motion to Dismiss at Exhibit C.

[7]   *Id*.

Exhibit C to the Compl. and Compl. at ¶20.)  Rutty's protestations are unsupported by either documentary evidence or sworn statements to the contrary.

## CONCLUSION

Rutty filed an unsworn motion to dismiss the foreclosure action with prejudice without making a single allegation that he is current with his mortgage payments.  According to the Complaint, Defendant has not made a mortgage payment to Gustavia in over 5 ½ years and the default continues.  While Rutty complains about improper assignments, according to the case law cited herein, as long as a plaintiff has possession of the note at the time of the commencement of the action, the mortgage follows with the note and a plaintiff has standing.[8]  Importantly, Gustavia alleged at paragraph 16 of its Complaint that it had possession of the Note at the time the Complaint was filed.

Finally, Gustavia alleged complete diversity of citizenship and thus established subject matter jurisdiction.  Nothing in Rutty's unsworn papers raised a doubt as to diversity of citizenship, possession of the note, or Rutty's default under the Note and Mortgage.  Accordingly, Gustavia's complaint was properly plead and should not be dismissed.

For the foregoing reasons, it is respectfully requested that Defendant's motion to dismiss be denied and this Court grant such other and further relief as is just and proper.

Dated:  Syosset, New York
       August 10, 2016                        Respectfully submitted,

                                                        */s/ Randy J. Schaefer*
                                                        Randy J. Schaefer, Esq.

---

[8] See Affidavit of Possession of Note attached to Declaration in Opposition at Exhibit C.