| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------------- X
:
GUSTAVIA HOME, LLC, :
: **MEMORANDUM**
Plaintiff, : **DECISION AND ORDER**
:
- against - : 16-cv-2823 (BMC)
:
ROBERT R. RUTTY; JOHN DOE 1 through 12, :
said persons or parties having or claimed to have :
a right, title or interest in the mortgage premises :
herein, their respective names are presently :
unknown to Plaintiff, :
:
Defendants. :
---------------------------------------------------------------- X

**COGAN**, District Judge.

This is a mortgage foreclosure action with subject matter jurisdiction based on diversity of citizenship. Plaintiff has moved for summary judgment, and although defendant *pro se*, the borrower, has submitted no evidence in opposition, he has raised one legal point, at least, that warrants further inquiry. Specifically, he alleges that plaintiff lacks standing to maintain this action under New York Business Corporation Law ("B.C.L.") § 1312(a) because plaintiff, admittedly, is not licensed to do business in New York.

B.C.L. § 1312(a), often referred to as a "door closing" statute, states:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute . . . .

N.Y. Bus. Corp. Law § 1312(a). It is well established that if a plaintiff falls within the terms of the statute, its prohibition is equally applicable in New York state and federal court. See Netherlands Shipmortgage Corp. v. Madias, 717 F.2d 731, 735 (2d Cir. 1983).

Traditionally, the case law has held that, whether applied in state or federal court, because of the possibility of an unconstitutional infringement of interstate commerce, B.C.L. § 1312(a) required a higher degree of contact with or activity in New York than is required for the presence of personal jurisdiction under New York C.P.L.R. § 301, see Madias, 717 F.2d at 735-41; Invacare Corp. v. John Nageldinger & Son, Inc., 576 F. Supp. 1542, 1544 (E.D.N.Y. 1984); Int'l Fuel & Iron Corp. v. Donner Steel Co., 242 N.Y. 224, 231 (1926), even though both tests use the words "doing business," see Storal Int'l, Inc. v. Thom Rock Realty Co., L.P., 784 F. Supp. 1141, 1144 (S.D.N.Y. 1992). However, in light of the Supreme Court's recent decision in Daimler AG v. Bauman, 134 S. Ct. 746 (2014), where the Court interpreted the due process clause as requiring sufficiently extensive contacts to support "doing business" for purposes of personal jurisdiction such that the foreign corporation is essentially "at home" in the forum, it may be that these positions have become reversed, i.e., that B.C.L. § 1312(a) requires a lower threshold of New York contacts before a license is required than C.P.L.R. § 301 requires before personal jurisdiction can be found.

The language of the two tests seems to support that conclusion. B.C.L. § 1312(a) requires contacts that are "permanent, continuous, and regular," Madias, 717 F.2d at 736. Under C.P.L.R. § 301, with the due process gloss supplied by Daimler, continuous activity is only enough when it relates to specific jurisdiction, not to general jurisdiction in the forum. Daimler, 134 S. Ct. at 757. Rather, to be "doing business" for general jurisdiction consistent with Daimler and the application of C.P.L.R. § 301, the "corporation's affiliations with the State" must be "so continuous and systematic as to render [it] essentially at home in the forum State." Daimler, 134 S. Ct. at 761 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011).

No case suggests that B.C.L. § 1312(a) requires the foreign company to be "at home" in New York. Moreover, there is some logic in requiring a lower standard of contacts to impose a licensing requirement on a foreign litigant who voluntarily opts to sue in a New York court as opposed to a foreign litigant who is involuntarily hailed into New York. It may be that the policy of encouraging commerce reflected in the interstate commerce clause is less pressing than the protection of liberty and property interests commanded by the due process clause.

Against that backdrop, the record before me is insufficient to determine how to apply B.C.L. § 1312(a) to this case. Its development is impeded by the fact that defendant is *pro se*, and although this case appears to involve a residential mortgage, he no longer lives in the property at issue, but has since moved to Indiana. The record is further handicapped because plaintiff, even in the face of defendant having raised B.C.L. § 1312(a), has given me a truncated picture of its business activities generally and in New York particularly.

Plaintiff's proof on the B.C.L. § 1312(a) issue is straightforward enough on some details. It has established that it has no offices, employees, addresses, bank accounts, or physical locations in New York. But as to the nature of its business and how it touches on New York, plaintiff has been quite vague. It states that its "physical address and all business activities are conducted from is principal place of business in Broward County, Florida." But what is its business? I am not sure. It states that it "does own mortgages, some that have liens on property located in New York," but offers the conclusory assertions that it "does not maintain and carry on business in New York" and that it "do[es] not conduct more than occasional non-permanent business without any continuity of act and purpose in New York . . . ."

A review of the docket of this Court and of the federal courts generally, of which I can take judicial notice, see Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000), suggests that these

conclusions may be overstated. Plaintiff has three mortgage foreclosure actions pending before me; it has more than thirty pending or brought within this district, all of them filed this year. At least in the actions before me, plaintiff represents that it is the assignee of mortgages originated by some other lender that have traveled through a chain of noteholders or assignees and gone into default either prior to their travels or along the way, before reaching plaintiff . Perhaps equally significantly, plaintiff has no foreclosure actions filed in any other federal court except the Southern District of New York, where it has filed five such actions, also all within this year.

From these facts, it seems that one reasonable inference is that plaintiff's business is the buying of distressed or defaulted mortgages, the foreclosure of such mortgages, and either the rehabilitation for resale or the holding for investment purposes for eventual resale such previously mortgaged properties. The main point, however, is that based on the limited information that plaintiff has supplied and that obtainable from the public record, it appears that all of plaintiff's business is focused on the buying and foreclosure of New York mortgages and the selling of New York properties. There are nearly forty such New York properties with actions filed this year, its only year of business, alone. Plaintiff's business decisions may be made in Florida, but the business itself involves only New York real estate. If the inferences I am positing are correct, I do not see how I could avoid the conclusion that plaintiff has "permanent, continuous, and regular" business activities in New York that require a license under B.C.L. § 1312(a).

I recognize that the inferences I am drawing may be wrong. I am certainly not finding them as facts. But this is plaintiff's motion for summary judgment, and "all justifiable inferences are to be drawn in … favor [of the non-movant]". Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 255, 106 S. Ct. 2505, 2513 (1986).  This is particularly true in a case where defendant is *pro se*.  See Paul v. Postgraduate Ctr. for Mental Health, 97 F. Supp. 3d 141, 178 (E.D.N.Y. 2015).

Because this matter will require discovery into the nature and extent of defendant's business, and no discovery has been taken, plaintiff's motion for summary judgment is denied. The case is referred to Magistrate Judge Vera Scanlon to supervise such discovery as may be necessary on this issue and other issues that plaintiff has raised in his opposition to the motion and which she determines are appropriate for discovery.  Plaintiff may renew its motion for summary judgment at the conclusion of discovery if it is so inclined.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 26, 2016

5