| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------- X
:
GUSTAVIA HOME, LLC, :
: **MEMORANDUM DECISION**
Plaintiff, : **AND ORDER**
:
- against - : 16 Civ. 2823 (BMC)
:
ROBERT R. RUTTY; JOHN DOE 1 through 12, :
said persons or parties having or claimed to have a :
right, title or interest in the mortgage premises :
herein, their respective names are presently :
unknown to Plaintiff, :
Defendants. :
------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff-mortgagee Gustavia Home, LLC initiated this action on the basis of diversity jurisdiction against defendant-mortgagor Robert Rutty to foreclose on a residential property. The Court previously denied plaintiff's motion for summary judgment after defendant, proceeding *pro se*, raised the issue that plaintiff lacked standing to maintain this action under New York Business Corporation Law § 1312(a) given that plaintiff was not licensed to do business in New York. I denied summary judgment on that ground and ordered limited discovery into the issue. Plaintiff sought and obtained a license to do business in New York and has now filed a second motion for summary judgment. For the following reasons, the Court grants summary judgment to plaintiff.

## BACKGROUND

On September 29, 2006, defendant executed a note and mortgage in the principal amount of $134,000 and interest to Mortgage Electronic Registration Systems Inc., as nominee for People's Choice Home Loan, for the residential property located at 217-03 137th Road, Springfield Gardens, New York 11413. On November 13, 2015, plaintiff took physical

possession of the note. On March 11, 2016, the mortgage was assigned by written assignment from the original lender to NPL Capital, LLC, and the note was transferred by a proper allonge. Shortly thereafter on March 28, 2016, the mortgage was assigned from NPL Capital, LLC to plaintiff, Gustavia Home, LLC, and the note was also transferred by a proper allonge. Plaintiff is the current owner and holder of the note and mortgage executed by defendant in 2006.

Pursuant to the terms of the mortgage and note, defendant was required to make monthly payments of principal and interest starting November 1, 2006, until the maturity date. Defendant failed to make his January 2011 payment and has failed to make all subsequent payments. On taking ownership of the note and mortgage, plaintiff sent defendant a 90-day notice of default on November 18, 2015. Plaintiff commenced this action approximately seven months later, seeking to foreclose on the mortgage. Plaintiff thereafter moved for summary judgment under Federal Rule of Civil Procedure 56.

## DISCUSSION

Rule 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the movant does this successfully the burden shifts, requiring the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

Specifically, to defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. West-Fair Elec. Contractors v. Aetna Cas. & Surety Co., 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); see also Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 141 (2d Cir. 2012). In determining if a genuine dispute of material fact exists, "the court must resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." Buckley v. Deloitte & Touche USA LLP, 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) aff'd, 541 F. App'x 62 (2d Cir. 2013) (citation omitted). Moreover, mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment. D'Amico, 132 F.3d at 149. As a result, "[w]here no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted).

In a mortgage foreclosure action under New York law, "the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997) (internal quotation marks omitted); see also E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). Applying this standard, courts in this Circuit have found that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." Builders Bank v. Charm Developments II, LLC, No. 09-CV-3935, 2010 WL 3463142, at *2

(E.D.N.Y. Aug. 30, 2010) (internal quotation marks omitted). Once the plaintiff has made an affirmative showing of the defendant's default, the defendant must make "an affirmative showing" that a defense to the action exists. Builders Bank, 2010 WL 3463142 at *3 (internal quotation marks omitted).

The Court has reviewed the evidence submitted with the motion for summary judgment to confirm (1) the assignment and chain of title of the mortgage and note, (2) the payment default under the note, (3) the delivery of the required cure notice, and (4) the failure to cure. Plaintiff's evidence established a *prima facie* case for summary judgment. See, e.g., E. Sav. Bank, FSB, 2015 WL 778345, at *6 ("[Plaintiff] has established its *prima facie* case by submitting copies of the Note and Mortgage, executed by [defendant]," as well as an affidavit regarding "[defendant's] default on the payments due."). As a result, the burden shifted to defendant to affirmatively demonstrate a defense or a genuine issue of material fact. Defendant's opposition raises several arguments against summary judgment; however, none have any merit.

Defendant's principal argument stems from what he deems are dating inconsistencies. Specifically, defendant disputes whether plaintiff took physical possession of the note in November 2015 because all of the written instruments are dated March 2016. Because of this, defendant alleges that the assignments were fraudulent and that plaintiff lacks standing to commence this action. This argument fails.

Plaintiff has shown that it is the current holder of the mortgage and note for the subject property and that it was the holder when it filed the action. Further, differing dates as to when plaintiff took physical possession and when the written assignments were prepared do not create an issue of fact or standing. "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was

4

either the holder or assignee of the underlying note.'" E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting Wells Fargo Bank, N.A. v. Rooney, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "[E]ither a written assignment of the underlying note *or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation*, and the mortgage passes with the debt as an inseparable incident." E. Sav. Bank, 631 F. App'x at 15 (internal quotation marks omitted and emphasis added). Defendant's arguments with respect to date inconsistencies are beside the point, given that either event, physical possession or written assignment, sufficiently establishes standing, and the record is clear that plaintiff took physical possession of the note in November 2015 and later had written assignments prepared in March 2016. Thus, defendant's argument is without merit.

Defendant also alleges that plaintiff failed to comply with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 in effecting service of 90-day and 30-day notices of default. RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure. "'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action.'" Wells Fargo Bank, N.A. v. Ullah, No. 13-CV-485 JPO, 2015 WL 3735230, *8 (S.D.N.Y. June 15, 2015) (quoting Aurora Loan Servs., LLC v. Weisblum, 85 A.D.3d 95, 106, 923 N.Y.S.2d 609 (2d Dep't 2011)).

As an initial matter, RPAPL § 1304 applies to mortgagors whose primary residence is the mortgaged property. The record shows that the mortgaged property is not defendant's primary residence. This means that RPAPL § 1304's notice requirement is not applicable to defendant.[1] Nonetheless, plaintiff provided evidence that it complied with the provision, showing that the 90-

---

[1] Because the home is not defendant's principal dwelling, the requirement to file the 90-day notice with the superintendent under RPAPL § 1306 also does not apply.

day notice – and 90 days is the only notice required under RPAPL § 1304, there is no requirement for 30-days' notice – was properly served on defendant: Specifically, plaintiff provided a copy of the Certified Mail form addressed to the mortgaged property. This is enough to effect proper service under New York law. RPAPL § 1304(2). Moreover, the 90-day notice was not defective. Plaintiff attached the notice to its complaint and it included the specific language required by the statute, such as a warning about the impending foreclosure, as well as information concerning the homeowner's right to cure the default and access counseling agencies in 14-point font. RPAPL § 1304.

## CONCLUSION

Plaintiff's second motion for summary judgment is granted. In its motion for summary judgment, plaintiff also moves that the caption be amended to dismiss John Doe #1 through #12 from this action without prejudice. The Court grants the motion and dismisses the John Doe defendants without prejudice, and the Clerk is directed to terminate the John Doe defendants. Plaintiff is directed to submit a proposed form of judgment of foreclosure and sale within seven days.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      January 23, 2017