| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>GUSTAVIA HOME, LLC,<br><br>                        Plaintiff,<br><br>                - against -<br><br>ROBERT R. RUTTY,<br>                     Defendant,<br><br>SLF NEW YORK HOLDINGS, LLC and<br>HAMPTON PARTNERS LLC,<br><br>                 Intervenor Defendants.<br>------------------------------------------------------------- X | C/M<br><br><br><br><br><br>**MEMORANDUM**<br>**DECISION & ORDER**<br><br>16-cv-2823 (BMC) |

**COGAN**, District Judge.

Plaintiff-mortgagee Gustavia Home, LLC initiated this diversity action against defendant-mortgagor Robert Rutty to foreclose the mortgage on a residential property that he bought for investment purposes. Gustavia has moved for summary judgment for the third time after producing a bankruptcy court order which permitted the original issuer of the note Gustavia seeks to enforce to transfer its loans during its bankruptcy proceeding. Gustavia argues that this bankruptcy order resolves any dispute of fact about whether it has standing to enforce the note.

After Gustavia filed this most recent motion for summary judgment, Rutty moved for a declaratory judgment canceling and expunging the two most recent deeds to Rutty's property (the first executed and recorded after a referee sold the deed to Power Home Sales 172, Inc. and the second after Power Home Sales sold the deed to SLF New York Holdings LLC). For the following reasons, the Court grants Gustavia's motion for summary judgment and denies Rutty's motion.

**BACKGROUND**

On September 29, 2006, Rutty obtained a $134,000 loan from People's Choice Home Loan, Inc. Rutty then executed a note payable to People's Choice and its successors and assignees. The note was secured by a mortgage on a residential property located in Springfield Gardens, New York. The mortgage was made in favor of Mortgage Electronic Registration Systems, Inc., ("MERS") as nominee for People's Choice. The mortgage granted MERS, as nominee, certain rights, including the right to foreclose on and sell the property and to discharge the mortgage. People's Choice filed for bankruptcy in 2007 and was dissolved in 2008.

Pursuant to the terms of the mortgage and note, Rutty was required to make monthly payments of principal and interest starting November 1, 2006, until the maturity date. Rutty did not make his January 2011 payment and has not made any payments since.

On November 13, 2015, Gustavia took physical possession of the note. The note was transferred to Gustavia through a series of undated allonges (from People's Choice to Residential Funding Company, LLC to Summit Capital Partners LLC to NPL Capital, LLC to Gustavia). After taking possession of the note, Gustavia sent Rutty a 90-day notice of default on November 18, 2015.

On March 11, 2016, MERS assigned the mortgage to NPL Capital. Then, on March 28, 2016, NPL Capital assigned the mortgage to Gustavia. On June 2, 2016 – approximately seven months after it acquired the note and two months after acquiring the mortgage – Gustavia commenced this action foreclose on the mortgage.

Gustavia first moved for summary judgment on September 15, 2016. The Court denied that motion after Rutty, proceeding *pro se*, raised a genuine dispute of material fact as to whether Gustavia needed to be licensed under New York Business Corporation Law § 1312(a). The Court

ordered limited discovery on the issue. Gustavia then sought and obtained a license to do business in New York and on December 13, 2016 moved for summary judgment again.

The Court granted Gustavia's second motion for summary judgment on January 23, 2017, after concluding that it had established standing to foreclose through its physical possession of the note. On March 30, 2017, the property was sold at a foreclosure auction. The referee's report of sale states that Gustavia was the winning bidder.

Gustavia then assigned its successful bid to intervenor-defendant Power Home Sales 172, Inc. Under a deed dated April 7, 2017 and recorded August 29, 2017, the referee conveyed the title to Power Home.

Power Home then conveyed the deed to the property to intervenor-defendant SLF New York Holdings (by deed was dated May 19, 2017 and recorded August 29, 2017). In exchange for $275,000 to finance its purchase of the property, SLF granted a mortgage against the property to intervenor-defendant Hampton Partners, LLC.

In the meantime, Rutty appealed this Court's grant of summary judgment to Gustavia. The Second Circus reversed. Gustavia Home, LLC v. Rutty, __ F. App'x ___, 2017 WL 6539178 (2d Cir. Dec. 21, 2017). That Court concluded that Rutty had created a genuine dispute of material fact as to the validity of the note underlying his mortgage. Because the allonges were undated, the Second Circuit concluded that Gustavia had not established that the original lender, People's Choice, had assigned the note before it filed for bankruptcy (or that the bankruptcy court had given People's Choice permission to transfer the note). The Second Circuit made clear that it "did not hold that Gustavia lacked standing as a matter of law, but simply that on this record it is not clear, considering the original lender's bankruptcy, that Gustavia has standing."

On remand, Gustavia produced an order from the bankruptcy court dated April 19, 2007, which authorized People's Choice to sell the mortgage loans it owned, subject to certain restrictions not relevant here. Gustavia then filed the instant motion for summary judgment, arguing that the bankruptcy court's order eliminates any doubt about the validity of the note. Rutty opposes the motion, arguing that, despite the bankruptcy court's order, there is still a genuine dispute of material fact about whether the note Gustavia seeks to enforce is valid.

After Gustavia moved for summary judgment, Rutty filed a motion to cancel and expunge the referee's deed to Power Home, executed on April 7, 2012 and the subsequent deed from Power Home to SLF New York, executed on May 19, 2017. Rutty characterized his motion as one for a declaratory judgment under N.Y. C.P.L.R. 3001. (As explained further below, this Court cannot grant relief under N.Y. C.P.L.R. 3001, but construes Rutty's motion as a cross-motion for summary judgment seeking the same relief). In his motion, Rutty argues that both deeds are invalid for the same reason he argues Gustavia's note and mortgage are invalid: the bankruptcy court did not specifically authorize the sale of Rutty's mortgage and, once People's Choice was dissolved through the bankruptcy, MERS had no legal authority to assign the mortgage.[1] Rutty also argues in his reply brief that Power Home was not a good-faith purchaser for value, and therefore the Court should invalidate both its deed from the referee and SLF New York's subsequent deed.

Shortly after Rutty filed his motion, the Court granted the motions of SLF New York and Hampton to intervene to oppose it. Gustavia's motion for summary judgment and Rutty's cross-motion are now fully briefed; this order addresses both of them.

---

[1] Rutty argues that MERS had no legal authority to assign the mortgage or the note, but, as described above, MERS never possessed or assigned the note, and is not listed on the series of undated allonges.

**DISCUSSION**

Federal Rule of Civil Procedure 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks and citation omitted). If the moving party successfully produces this evidence, the burden shifts to the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998).

Specifically, to defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. See West-Fair Elec. Contractors v. Aetna Cas. & Surety Co., 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining if a genuine dispute of material fact exists, the Court is required to resolve all ambiguities and draw all permissible factual inferences in the non-moving party's favor. Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003).

Because Rutty is *pro se*, the Court reads his opposition to the motion for summary judgment and his motion liberally, interpreting them to raise the strongest arguments they suggest. See Keeling v. Hars, 809 F.3d 43, 47 n.2 (2d Cir. 2015).

5

## I. Gustavia was Entitled to Foreclose Based on its Valid Note

In a foreclosure action under New York law, a plaintiff establishes its *prima facie* entitlement to summary judgment by producing evidence of (1) the mortgage, (2) the unpaid note, and (3) the defendant's default. See, e.g., Wells Fargo Bank, N.A. v. Walker, 35 N.Y.S.3d 591, 592, 141 A.D.3d 986, 987 (3d Dep't 2016); see also R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997). Where, as here, Rutty contests Gustavia's standing to foreclose (that is, contests whether Gustavia has a legal or equitable interest in the mortgage), Gustavia must also demonstrate that it was the holder or assignee of the note when the action was commenced. Walker, 35 N.Y.S.3d at 592-93, 141 A.D.3d at 987.

Rutty argues that there remains a genuine dispute of material fact as to the validity of the note because Gustavia has not shown that the bankruptcy trustee "specifically authorized" People's Choice to assign Rutty's note to NPL Capital. Rutty also argues in the alternative that the foreclosure was invalid because MERS, as the mere nominee to People's Choice, lacked legal authority to assign the mortgage to NPL Capital on March 11, 2016 because People's Choice dissolved in October 2008.

As to the validity of the note, Rutty does not cite any caselaw for the proposition that a bankruptcy court must specifically authorize an individual loan sale by a debtor for that sale to be valid. Although bankruptcy courts often approve such sales on an individual basis, here the bankruptcy court's order specifically authorized the "bulk sale of mortgage loans owned by the debtors in the ordinary course of business." Bankruptcy courts have broad authority to grant relief that is in the best interest of the debtors and their estates. See 11 U.S.C. § 105(a).

Rutty's argument about the scope of the bankruptcy court's order suggests another defense that flows from absence of dates on the allonges: that the note held is invalid or

unenforceable because Gustavia cannot demonstrate that it was actually transferred before the original lender, People's Choice, dissolved in 2008.

This argument fails under New York law, which permits a foreclosing plaintiff to establish standing through possession of a note at the time it commenced the foreclosure action. See Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d 355, 361-62, 12 N.Y.S.3d 612, 614-16 (2015). A foreclosing plaintiff may establish that it possessed the note through an affidavit. Id. The note's holder may enforce the note even if it is indorsed in blank or has undated allonges affixed to it. JPMorgan Chase Bank, Nat. Ass'n v. Weinberger, 142 A.D.3d 643, 645, 37 N.Y.S.3d 286, 289 (2d Dep't 2016); U.S. Bank, N.A. v. Bernabel, 125 A.D.3d 541, 541-42, 5 N.Y.S.3d 372, 373 (1st Dep't 2015).

Here, Gustavia has submitted an affidavit by Jared Dotoli, managing member of Gustavia, stating that Gustavia obtained physical possession of the note on November 13, 2015, nearly eight months before Gustavia filed this lawsuit in June 2016. That the written assignment was prepared after Gustavia took physical possession does not affect the note's enforceability, because, as explained above, the holder of a note indorsed in blank can enforce it.

Rutty's remaining arguments about the validity of the mortgage are also insufficient to withstand summary judgment. Under New York law, once a note is transferred, the mortgage follows the note. Aurora Loan, 25 N.Y.3d at 361, 12 N.Y.S.3d at 615. Although People's Choice was dissolved by the time MERS assigned the mortgage to NPL Capital, MERS's assignment of the mortgage is not the relevant transaction. See Deutsche Bank Nat. Tr. Co. v. Pietranico, 33 Misc. 3d 528, 549, 928 N.Y.S.2d 818, 833 (N.Y. Sup. Ct. 2011) ("It is the interest in the note that is controlling and it is irrelevant if a nominee for the beneficial owner of the note

7

is listed as the mortgagee of record."). The transfer of the note, authorized by the April 19, 2007 bankruptcy order, which culminated in Gustavia's possession, is what matters.

And even if MERS's assignment of the note were relevant, under New York law, MERS's status as nominee does not automatically preclude it from assigning the mortgage, particularly where, as here, the wording of the mortgage loan documents shows the intent to designate MERS as the common nominee for MERS lender members and their successors and assigns. See id. 33 Misc. 3d at 547-51, 928 N.Y.S.2d at 831-34.

Rutty's opposition also repeats his argument from an earlier opposition that Gustavia failed to comply with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 in effecting service of 90-day and 30-day notices of default. As the Court stated in its order granting Gustavia's second motion for summary judgment, the notice required by RPAPL § 1304 does not apply to Gustavia because the mortgaged property is not Rutty's primary residence. But even if RPAPL § 1304 did apply, Gustavia has produced evidence that it complied with the provision by properly serving on Rutty a 90-day notice (§ 1304 only requires a 90-day notice, not a 30-day notice). Gustavia attached the notice to its complaint; it included the specific language required by the statute, including the warning about the impending foreclosure required, information about the homeowner's right to cure the default and about counseling agencies.

Because Gustavia has produced evidence that the original lender obtained the bankruptcy court's permission to transfer the note before the lender was dissolved, it has eliminated the only identified genuine dispute of material fact about the note's validity; Gustavia is entitled to summary judgment.

## II. The Subsequent Deed to SLF New York is Independently Valid

After Gustavia moved for summary judgment, Rutty filed a motion seeking to cancel and expunge the referee's deed to Power Home and Power Home's subsequent deed to SLF New York. Rutty argues that neither Power Home nor SLF New York were good-faith purchasers for value, so both the referee's deed to Power Home and Power Home's subsequent deed to SLF New York are invalid. Rutty attached ten exhibits to his motion, including the public record of MERS's assignment of the mortgage to NPL Capital and of NPL Capital's assignment to Gustavia. Plaintiff Gustavia and intervenor-defendants Power Home and SLF New York oppose Rutty's motion, arguing collectively that Rutty filed the wrong kind of motion and that his claim fails on the merits.

As to the procedural argument, the parties opposing Rutty's motion are correct that, for several reasons, this Court cannot grant relief under N.Y. C.P.L.R. 3001, the provision in New York State's civil procedure code that permits a state trial court to "render a declaratory judgment having the effect of a final judgment." Federal courts apply federal procedural rules, not state rules. However, because Rutty is *pro se*, the Court considers his motion to be one seeking the same relief as a cross-motion for summary judgment.

As for the merits of his motion, the Court concludes that Rutty is not entitled to summary judgment because SLF New York was a good-faith purchaser for value of the property. New York law protects a good-faith purchaser's reliance on a foreclosure judgment, even if the judgment is later reversed or vacated. Da Silva v. Musso, 76 N.Y.2d 436, 439-44, 560 N.Y.S.2d 109, 110-13 (1990). A comparable protection extends to good-faith encumbrancers (*i.e.*, mortgagees). Thomas v. Lasalle Bank Nat. Ass'n, 79 A.D.3d 1015, 1017, 913 N.Y.S.2d 742, 744 (2d Dep't 2010).

Under New York law, a good-faith purchaser for value is one who purchases the premises for valuable consideration without actual or constructive notice of any fraud by the grantor. See N.Y. Real Prop. Law § 266. A purchaser is charged with constructive notice of an encumbrance through the property's chain of title (for example, as relevant here, through notice of a stay pending appeal or a notice of pendency). Id. §§ 266, 291; see, e.g., HSBC Mortg. Servs., Inc. v. Alphonso, 58 A.D.3d 598, 599-600, 874 N.Y.S.2d 131, 133 (2d Dep't 2009). Even if a purchaser has actual notice of an appeal, that does not vitiate good-faith-purchaser status if the title is not encumbered during that appeal. See Singh v. Ahamad, 154 A.D.3d 683, 684 62 N.Y.S.3d 140, 141 (2d Dep't 2017).

Similarly, "[a] mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor." Thomas, 79 A.D.3d at 1017, 913 N.Y.S.2d at 744. A mortgagee also has a duty to inquire if it is "aware of facts 'that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue.'" Id. (quoting Stracham v. Bresnick, 76 A.D.3d 1009, 1010, 908 N.Y.S.2d 95, 97 (2d Dep't 2010)).

Even if Power Home was not a good-faith purchaser for value, the current title-holder, SLF New York, is. SLF New York purchased title to the property from Power Home for $240,000. There was no stay pending appeal[2] or notice of pendency on the deed when SLF New York purchased the title, nor has there been one since, and so SLF New York could not have had constructive notice of the alleged deficiency in the foreclosure judgment or in Power Home's deed from the referee.[3] Counsel for SLF New York swore an affidavit stating that, before it

---

[2] On March 28, 2017, the Court denied Rutty's motion for a stay of the final judgment of foreclosure and sale pending appeal because Rutty had not posted a bond and had not demonstrated sufficient grounds for a stay without a bond.

[3] Because the Court concludes in Part I that Gustavia was entitled to enforce the note it possessed by foreclosing, Rutty's argument that the subsequent deeds are invalid because the foreclosure itself was invalid must fail.

purchased the property, it obtained a title report and that report did not include any irregularities or matters of record that would have caused SLF to inquire further.  Rutty has not pointed to any facts that undermine the conclusion that SLF New York purchased the property in good faith, and that the deed it acquired from Power Home was therefore valid.[4]

Neither has Rutty pointed to any evidence that mortgagee Hampton Partners had notice of any previous fraud involving the property.  Counsel for Hampton Partners sworn an affidavit stating that it granted the mortgage only after obtaining a title report for the property and that the title report did not contain any irregularities that would have caused Hampton to inquire further.  Absent any evidence to the contrary, this affidavit is sufficient.  See Maiorano v. Garson, 65 A.D.3d 1300, 1302, 886 N.Y.S.2d 190, 193 (2d Dep't 2009).  New York's good-faith purchaser and good-faith encumbrancer rules protect SLF New York and Hampton Partners's interests in the property.

### CONCLUSION

For the above reasons, plaintiff Gustavia Home's third motion for summary judgment [56] is GRANTED.  Defendant Rutty's cross-motion for summary judgment [61] is DENIED.  Gustavia is directed to file a proposed form of judgment within seven days.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 11, 2018

---

[4] In his reply brief, Rutty argues that the foreclosure sale was invalid because Gustavia "was not the first mortgagee and failed to list the first mortgagee in its complaint and further failed to serve the first mortgagee with a summons and complaint."  Rutty alleged in his opposition to Gustavia's motion for summary judgment that Wells Fargo was the first mortgagee on his property at the time of the sale.  Even assuming Rutty is correct that Wells Fargo was the first mortgagee, Rutty does not have standing to bring this claim on Wells Fargo's behalf.  Rutty's interest in the property would have been extinguished through the foreclosure sale regardless of whether some or all of the proceeds of sale went to Wells Fargo instead of Gustavia.